IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MARION BASS, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 4:24-cv-135-CDL-AGH |
| MASON DRIVE APARTMENTS, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

On October 1, 2024, Plaintiff filed a complaint asserting claims under 42 U.S.C. § 1983 (ECF No. 1) and the Court granted his motion to proceed *in forma pauperis* ("IFP") (ECF Nos. 2, 4). On March 31, 2025, the Court dismissed Plaintiff's complaint on preliminary review because his complaint failed to state a claim under § 1983 and there was no other authority to provide subject matter jurisdiction over his landlord/tenant claims. R. & R., ECF No. 5 (recommending dismissal); Order, Mar. 31, 2025, ECF No. 6 (adopting recommendation and dismissing complaint). Thereafter, Plaintiff filed a notice of appeal (ECF No. 8) and a motion for leave to appeal *in forma pauperis* ("IFP") (ECF No. 11) that has been referred for a Recommendation. For the following reasons, it is recommended that Plaintiff's motion to appeal IFP be denied.

## DISCUSSION

The Court considers applications to appeal IFP under 28 U.S.C. § 1915, which provides that an individual may bring an action or appeal without prepayment of the fees if he "submits an affidavit" that shows "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(1). However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Federal Rule of Appellate Procedure 24 similarly requires a party wishing to proceed IFP to file an affidavit which shows "the party's inability to pay or to give security for fees and costs[.]" Fed. R. App. P. 24(a)(1)(A). Under the appellate rules, if a district court denies a motion for leave to appeal IFP, the court "must state its reasons in writing." Fed. R. App. P. 24(a) (2).

The Court is, thus, required to make two determinations. First, the Court must decide whether the applicant is able to pay the filing fee required to appeal. Second, the Court must decide whether Plaintiff's appeal meets the good faith requirement. The Court finds that Plaintiff is unable to pay the required filing fee, but that his appeal is not taken in good faith. Consequently, his motion for leave to appeal IFP should be denied.

First, the Court must determine whether Plaintiff established that he is unable to pay the filing fee. The Court previously granted Plaintiff leave to proceed IFP in the underlying action (ECF Nos. 2, 4). Plaintiff submitted a new affidavit in support of his motion to appeal IFP, which similarly shows he is unable to pay the $605.00 fee to appeal this action (ECF No. 11). Plaintiff, therefore, has demonstrated that

he cannot pay the fee required to appeal.

Second, the Court must determine whether Plaintiff meets the good faith requirement. "Good faith" is "judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Plaintiff can demonstrate good faith by seeking appellate review of a non-frivolous issue. *Id.* Frivolous issues are issues "'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353, 1363-64 (11th Cir. 2021). Arguable merit "means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted). Put another way, "a case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In determining "whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Under Federal Rule of Appellate Procedure 24(a)(1)(C), Plaintiff must also include a statement of issues that he intends to appeal. In his motion to appeal IFP, Plaintiff asserts that the Court "erred by granting summary judgment because it failed to view the facts in the light most favorable to the non-moving party and improperly weighed evidence." Mot. to Appeal IFP 1, ECF No. 11. He also contends that the Court "misapplied the legal standard governing 42 U.S.C. [§] 3631 and [O.C.G.A. §] 44-7-35(c)." *Id.*

3

However, contrary to Plaintiff's statement of issues, the Court did not grant summary judgment. Rather, the Court dismissed Plaintiff's complaint on preliminary review under 28 U.S.C. § 1915(e)(2) because Plaintiff failed to state a claim for relief under 42 U.S.C. § 1983, and because the Court lacked jurisdiction over Plaintiff's claims. Order & R., Mar. 7, 2025, ECF No. 5; Order, Mar. 31, 2025, ECF No. 6 (adopting recommendation and dismissing complaint). Further, 42 U.S.C. § 3631, as the Northern District of Georgia recognized, "is a criminal statute[] and does not afford [Plaintiff] a private right of action." *1824 Defoor, RAM Partners, LLC v. Reece*, No. 1:19-CV-2918-AT-JFK, 2019 WL 3530310, at *2 n.2 (N.D. Ga. July 1, 2019) (first alteration in original) (citation omitted)). Finally, the Court did not apply a standard under either 42 U.S.C. § 3631 or O.C.G.A. § 44-7-35 because the Court did not reach the merits of Plaintiff's claims because the complaint was subject to dismissal upon preliminary review. Consequently, the Court finds that Plaintiff raises no issues with arguable merit for appeal, and that Plaintiff's appeal of the dismissal of his action is frivolous. Thus, Plaintiff's appeal is not brought in good faith, and the Court recommends that Plaintiff's motion to appeal IFP (ECF No. 11) be denied.[1]

If this Recommendation is adopted, the Clerk shall provide the notice required under Federal Rule of Appellate Procedure 24(a)(4). If this Recommendation is adopted and Plaintiff wishes to proceed with his appeal, he must pay the entire

---

[1] The Court notes that the Court of Appeals for the Eleventh Circuit dismissed Plaintiff's appeal on June 12, 2025, because Plaintiff failed to timely file a Certificate of Interested Persons and Corporate Disclosure Statement and a transcript order form. Mandate of USCA, ECF No. 12.

$605.00 appellate filing fee, or he may file a motion for leave to appeal *in forma pauperis* with the Court of Appeals for the Eleventh Circuit within Federal Rule of Appellate Procedure 24(a)(5).

## CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's motion for leave to appeal *in forma pauperis* (ECF No. 11) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. See M.D. Ga. L.R. 7.4. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

Plaintiff is hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 7th day of August, 2025.

    s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE